UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Greenbelt Division

| | |
|---|---|
| MICHELLE L. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: JFM 03 CV 26 |
| ) | |
| GLOBAL COMMERCE AND ) | |
| INFORMATION, INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rule 104, Defendant Global Commerce and Information, Inc. (GCI) serves the following objections and supplemental responses to Plaintiff's First Set of Interrogatories.

### General Objections

1. GCI objects to those interrogatories that seek information protected from discovery under the attorney work product and/or attorney client privileges, or any other privilege or immunity available under applicable law.

2. GCI objects to those instructions, definitions and interrogatories that purport to impose requirements beyond those permitted by the Federal Rules of Civil Procedure and the local rules and guidelines of this Court, including without limitation Definitions 7 and 9.

**Supplemental Response:** Notwithstanding this objection, and without waiving this objection, Mr. Ziman believes he may have discussed the issue of terminating plaintiff's employment with Mr. Soldz immediately prior to the termination, but does not have a specific recollection of that discussion, nor does Mr. Soldz recall that discussion. Both Mr. Soldz and Mr. Ziman recall discussing the subject of Plaintiff's termination with each other immediately before she advised GCI that she was pregnant with her second child. In light of Plaintiff's pregnancy, Mr. Ziman and Mr. Soldz decided to postpone consideration of the termination until after Ms. White's baby was born.

11.   Identify all individuals who ceased to be employed by Global since January 1, 1996, and for each provide the person's name, home and business address, home and business telephone number, job title(s) while employed by Global, dates of employment with Global, the person's sex, the nature and circumstances of the employee's separation from employment, the reason for such separation of employment, any discipline or warnings the person received, and identify all documents concerning or relating to your response.

**Response:** GCI objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence, and is overbroad with respect to its seven-year time frame.

12.   Identify all persons who have performed any of the duties formerly performed by the plaintiff from October 1, 2001 through the date of trial, including each

Page 17

person's name, job title, home and business address, home and business telephone number, sex, prior employment experience and qualifications for the position, hours of employment, dates of employment, job performance, evaluations, warnings, discipline, compensation and benefits received, and identify all documents concerning or relating to your response.

**Response:** GCI objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. GCI further objects to this Interrogatory on the grounds that it constitutes more than one interrogatory. Notwithstanding this objection, and without waiving this objection, GCI states that Bettina Deynes has performed Plaintiff's job responsibilities from October 15, 2001 through the present. GCI further states that Ms. Deynes' personnel file will be provided in response to Plaintiff's First Set of Requests for Production to Defendant, subject to redaction of nonresponsive and/or personal information and/or subject to an agreed protective order.

**Supplemental Information:** GCI will also provide Ms. Deynes's w-2 forms, subject to the same protective order.

13.    Identify any and all individuals who have been pregnant while employed by Global from June 25, 1992 through the date of trial, and provide each person's name, job title at Global, dates of employment with Global, dates of maternity or pregnancy leave (if taken), whether the person returned to work at Global at the conclusion of maternity or pregnancy leave and, if the person did not return, the reason(s) why, the date and circumstances of separation of employment with Global (if the person is no longer

employed by Global), the individual(s) who performed the employee's duties while the employee was on maternity or pregnancy leave, describe any statements or communications made by Global regarding such individual's pregnancy, use of leave or reinstatement at the conclusion of leave, and identify all documents which concern or relate to your answer.

**Response:** GCI objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. GCI further objects to this Interrogatory on the grounds that it is overbroad as to time frame and that it constitutes more than one interrogatory. Notwithstanding this objection, and without waiving this objection, GCI states that the following employees have been pregnant during their employment with GCI:

Michelle White – Administrative Assistant, after first pregnancy went on leave and returned to her job; date of hire 09-30-96; went on leave: 07-07-97; returned from leave 09-02-97; became Director of Human Resources; went on second leave 10-15-01; terminated for poor performance 11-15-01.

Elisa Krupta – Account Manager, went on leave and decided on her own to not return to any employment; date of hire: 12-14-93; went on leave 11-19-99; resigned 02-13-00.

Karen Raymond-Heart – Staff Consultant, went on leave and returned to work; date of hire 05-24-200; went on leave 03-29-01; returned from leave: 06-04-01. Currently employed.

**Supplemental Response:** Notwithstanding this objection, and without waiving this objection, GCI states that another employee, Susan Lord Krebs, also took maternity leave during her employment. She is a contractor who works from home for GCI on assignment to Lockheed Martin. She was approximately four months pregnant when hired by GCI on September 9, 2002. She took maternity leave starting on February 2,

Page 19

2003 and returned on May 15, 2003. During her leave, her job responsibilities were redistributed among others on her team at Lockheed Martin.

During Karen Raymond-Hart's leave, her responsibilities were redistributed among others on her team at Litton PRC.

During Elisa Krupa's leave, her job responsibilities were redistributed among other managers and recruiters.

14. Describe all policies, practices and/or procedures of Global, regardless of whether reduced to writing, in effect since January 1, 1995, concerning job performance, termination, or discipline of employees, and identify all documents which concern or relate to your response.

**Response:** GCI objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, with respect to its overbroad eight-year timeframe. Notwithstanding this objection, and without waiving this objection, GCI will produce its Employee Handbooks in effect as of January, 2001 and January, 2002.

**Supplemental Response:** Notwithstanding this objection, and without waiving this objection, GCI will produce handbooks in effect since 1998.

15. Describe all policies, practices and/or procedures of Global, regardless of whether reduced to writing, in effect since January 1, 1995, concerning maternity or

Page 20

> Life Insurance and AD&D
> Dependent Life
> Short Term Disability
> Long Term Disability
> 401 K

GCI further states that at the time of her termination of employment, Ms. White was enrolled in the following GCI benefits programs:

> 401 K
> Short Term Disability
> Long Term Disability

**Supplemental Response:** GCI no longer has copies of benefits booklets in effect at the time of Plaintiff's discharge.

17.   Identify all individuals hired by Global from July 2001 to the present including but not limited to such person's name, job title, dates of employment, home and business address, home and business telephone number, job duties, salary or other remuneration, describe the individuals' performance and whether the individual has received any warnings or discipline, and identify all documents which concern or relate to your response.

**Response:** GCI objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

18.   Identify all placements made by Global since January 1, 2001, including the location of the placement, the date of the placement, the number of individuals placed

at the location, the duration of the placement, and the revenue received by Global as a result of the placement, and identify all documents which concern or relate to your response.

**Response:** GCI objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

19. Describe in detail all facts upon which you base your defense that plaintiff engaged in "misconduct" during her employment with Global, and identify all documents which concern or relate to your response.

**Response:** *See* Response to Interrogatory No. 8.

20. Describe all complaints made by plaintiff, concerns raised by plaintiff or communications by plaintiff to Global concerning statements made by Global employees regarding the employment of women, pregnant women or women with children, including but not limited to the date, substance of the communication, response of or action taken by Global, and identify all documents which concern or relate to your response.

**Response:** GCI objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. GCI further objects to this Interrogatory on the grounds that it constitutes more than one interrogatory. GCI further objects to this Interrogatory on the grounds that it is unlimited

as to timeframe. Notwithstanding this objection, and without waiving this objection, GCI states that Plaintiff never communicated to H. Michael Ziman any complaint whatsoever regarding the employment of women, pregnant women or women with children. GCI further notes that as Director of Human Resources, it was Ms. White's responsibility to communicate any such complaints to Mr. Ziman and/or to investigate, respond to and/or remedy any such complaints.

21.  Describe the corporate structure of Global, including but not limited to its date of incorporation, state of incorporation, incorporators, jurisdictions in which it is authorized to conduct business, the identity of all officers (including title and dates of position), and the identity of all shareholders or owners of stock (including the percentage of ownership, number of shares held, and date such ownership interest was acquired) from January 1, 2001 to the present.

**Response:** GCI objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Greenbelt Division

| | |
|---|---|
| MICHELLE L. WHITE, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>GLOBAL COMMERCE AND )<br>INFORMATION, INC., )<br>)<br>Defendant. )<br>) | Civil Action No.: JFM 03 CV 26 |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 104, Defendant Global Commerce and Information, Inc. (GCI) serves the following objections and responses to Plaintiff's First Set of Requests for Production of Documents.

### General Objections

1. GCI objects to those requests that seek information protected from discovery under the attorney work product and/or attorney client privileges, or any other privilege or immunity available under applicable law.

2. GCI objects to those instructions, definitions and requests that purport to impose requirements beyond those permitted by the Federal Rules of Civil Procedure and the local rules and guidelines of this Court, including without limitation Instructions 6, 8 and 9 and Definition 9. GCI will fulfill its obligations under the Federal Rules of Civil

**Response:** GCI objects to this Request on the grounds that the files of the Howard County Office of Human Rights and the Equal Employment Opportunity Commission are equally accessible to both Plaintiff and Defendant. GCI further objects on the grounds that this Request seeks information that is protected from disclosure by attorney-client privilege, attorney work-product, or any other privilege or immunity available under applicable law, to the extent that includes "all documents received by Global concerning plaintiff's charge, and all documents that Global prepared concerning plaintiff's charge." Notwithstanding these objections, and without waiving these objections, GCI states that it will produce all documents that it submitted to the Howard County Office of Human Rights or the Equal Employment Opportunity Commission concerning plaintiff's charge. GCI will also produce a complete copy of those entities' files if it obtains them.

6.   All documents (including electronic documents and communications) concerning the corporate structure of Global, including but not limited to its articles of incorporation, bylaws, lists of officers and/or shareholders, stock books, and organizational charts from January 1, 2001 to the present.

**Response:** GCI objects to this Request on the grounds that it is vague and ambiguous, overbroad, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. GCI further objects to this Request on the ground that it contains more than one request.

7.   All documents (including electronic documents and communications) concerning Global's profits or losses, including but not limited to annual reports,

**Response:** GCI objects to this Request on the grounds that it is overbroad and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to the fact that it is not limited to the protected categories at issue in this case. Notwithstanding this objection, and without waiving this objection, GCI states that it has no responsive documents relating to training for sex discrimination, pregnancy discrimination or discrimination based on familial status. *See* Response to Interrogatory No. 7.

20. All documents (including electronic documents and communications) concerning any complaint ever made by plaintiff to any current or former employee or agent of Global, including but not limited to documents concerning any investigation conducted by Global or any response taken by Global.

**Response:** GCI objects to this Request on the grounds that it is vague and ambiguous in its use of the term "complaint," overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. GCI further objects on the grounds that this Request seeks information that is protected from disclosure by attorney-client privilege, attorney work-product, or any other privilege or immunity available under applicable law. GCI further objects on the grounds that it does not have possession, custody or control of documents belonging to its current employees in their personal capacities, or to its former employees.

21. All documents (including electronic documents and communications) concerning statements made by current and/or former employees or agents of Global regarding the employment of women, women with children or pregnant women.

**Response:** GCI objects to this Request on the grounds that it is vague and ambiguous, overbroad, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, the fact that it seeks "all documents concerning statements... regarding the employment of women..." GCI further objects on the grounds that this Request seeks information that is protected from disclosure by attorney-client privilege, attorney work-product, or any other privilege or immunity available under applicable law.

22. All documents (including electronic documents and communications) concerning all individuals who ceased to be employed by Global since January 1, 1996, including but not limited to documents concerning dates of employment, job duties and job title, sex, nature and circumstances of separation of employment, reason for separation of employment, and all documents relating to discipline, including warnings, given to each individual.

**Response:** GCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. This Request seeks every single document relating in any way to every person who resigned, was discharged, or otherwise ceased to be employed at GCI for a seven-year time period. GCI further objects on the grounds that this Request seeks information that is protected from disclosure by attorney-client

privilege, attorney work-product, or any other privilege or immunity available under applicable law. GCI further objects to this Request on the ground that it is overbroad as to timeframe. GCI further objects to this Request on the ground that it contains more than one request.

23. All documents (including electronic documents and communications) concerning any individual who performed any of the duties formerly performed by plaintiff from October 1, 2001 through the date of trial, including documents concerning job title and duties, sex, prior employment experience and qualifications, hours and dates of employment with Global, compensation, salary or other remuneration, benefits, job performance, evaluations, warnings, discipline, and a complete copy of such person's personnel file.

**Response:** GCI objects to this Request on the grounds that it is overbroad and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. GCI further objects to this Request on the ground that it contains more than one request. Notwithstanding these objections, and without waiving these objections, GCI states that it will produce the documents referred to in response to Request No. 17.

24. All documents (including electronic documents and communications) concerning individuals who have been pregnant while employed by Global from June 25, 1992 through the date of trial, including but not limited to all documents concerning job title and duties, dates of employment, dates of maternity or pregnancy leave (if taken),

whether the person returned to work at conclusion of leave and, if not, the reasons why, date and circumstances of separation of employment with Global, if applicable, the person who performed such individual's duties while the individual was on leave, the complete personnel file of each person, and all documents concerning statements or communications by Global regarding such individual's pregnancy, use of leave or reinstatement at the conclusion of leave.

**Response:** GCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. This Request seeks every single document relating in any way to each person who was pregnant while employed at GCI for a ten-year time period. GCI further objects on the grounds that this Request seeks information that is protected from disclosure by attorney-client privilege, attorney work-product, or any other privilege or immunity available under applicable law. GCI further objects to this Request on the ground that it contains more than one request. Notwithstanding these objections, and without waiving these objections, GCI states that it will produce the personnel files for all individuals identified in response to Interrogatory No. 13, subject to redaction of nonresponsive and/or personal information and/or subject to an agreed protective order.


25.   All documents (including electronic documents and communications) concerning all individuals hired by Global from July 2001 to the present including but not limited to documents concerning such individual's name, job title and duties, dates of

employment, salary or other remuneration, discipline, warnings, job performance, evaluations.

**Response:** GCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

26. All documents (including electronic documents and communications) concerning all placements made by Global since January 1, 2001, including but not limited to documents concerning the location of the placement, date of the placement, number of individuals placed at the location, duration of the placement, and the revenue received by Global as a result of the placement.

**Response:** GCI objects to this Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

27. All documents (including electronic documents and communications) concerning your defense that plaintiff engaged in "misconduct" while employed with Global.

**Response:** GCI objects on the grounds that this Request seeks information that is protected from disclosure by attorney-client privilege, attorney work-product, or any other privilege or immunity available under applicable law. Notwithstanding these objections, and without waiving these objections, GCI states that it will produce all non-